waynecrisostomopleaagr

LEONARDO M. RAPADAS
United States Attorney
BENJAMIN A. BELILES
Special Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
PHONE: (671) 472-7332
FAX: (671) 472-7334

Attorneys for the United States of America

FILED
DISTRICT COURT OF GUAM
NOV 28 2007
JEANNE G. QUINATA
Clerk of Court

FILED
DISTRICT COURT OF GUAM
NOV 20 2007
JEANNE G. QUINATA
Clerk of Court

# IN THE UNITED STATES DISTRICT COURT
# FOR THE TERRITORY OF GUAM

| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 07-00094-003 |
|---|---|
| Plaintiff, | |
| vs. | AMENDED **PLEA AGREEMENT** |
| WAYNE G. CRISOSTOMO, | |
| Defendant. | |

Pursuant to Rule 11(c)(1)(B), the United States and the defendant, WAYNE G. CRISOSTOMO, enter into the following plea agreement:

1. The defendant, WAYNE G. CRISOSTOMO, agrees to enter a guilty plea to Count 1 of an information charging him Entering Military, Naval or Coast Guard property, with the intent to violate 5 Guam Code Annotated, Sections 63121 and 63125, as assimilated by Title 18, United States Code, Sections 1382, 7(3) and 13; and Count V of an information charging him with Unlawful Use of Artificial Light While Taking Wildlife, in violation of 5 Guam Code Annotated, Section 63125, as assimilated by Title 18, United States Code, Sections 7(3) and 13.

2. The defendant understands that the <u>maximum</u> sentence for Entering Military Property in violation of 18 U.S.C. 1382 as a misdemeanor as specified in 18 U.S.C. §§ 1382 is imprisonment for not more than six months and a maximum fine of $5000.00, together with any

restitution as the court may order, and a $10 special assessment fee. The defendant also understands that the maximum sentence for Unlawful Use of Artificial Light While Taking Wildlife, in violation of 5 Guam Code Annotated, Section 63125, is a sentence of 90 days imprisonment, a mandatory minimum fine of $50.00, a maximum fine of $500.00, and a $10 special assessment fee. The total of $20 special assessment fee must be paid upon sentencing. The government will recommend that defendant receive a fine of $500.00, and credit for time served, if any.

3. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

4. The defendant understands that to establish a violation of Entering Military Property, a violation of Title 18, United States Code, Sections 1382, 7(3) and 13, the government must prove each of the following elements beyond a reasonable doubt for each count:

First, that on February 12, 2007, the defendant knowingly entered certain military property, more specifically Andersen AFB, Guam;

Second, the defendant made this entry for a purpose prohibited by law or lawful regulation;

Third, the defendant intended to take or possess the wild deer or pig with an artificial light; and

Fourth, that the locality in which the crime was committed was on land acquired or reserved for the use of the United States and under exclusive or concurrent jurisdiction thereof.

5. The defendant understands that to establish a violation of Unlawful Use of Artificial Light While Taking Wildlife, in violation of 5 Guam Code Annotated, Section 63125, the government must prove each of the following elements beyond a reasonable doubt for each count:

First, the defendant did intentionally take game with a spotlight or any other artificial light of any kind;

2

Second, such taking occurred within the special maritime and territorial jurisdiction of the United States, namely Anderson Air Force Base;

6. The government and the defendant stipulate to the following facts for purposes of the sentencing:

    a. The defendant was born in 1976, and is a citizen of the United States.

    b. That on February 12, 2007, the defendant WAYNE G. CRISOSTOMO entered Andersen AFB, Guam at approximately 9:30 p.m., it was dark. That WAYNE G. CRISOSTOMO was accompanied by CRIS B. CRISOSTOMO AND JOEY G. CRISOSTOMO. That the defendant knew the property he was entering belonged to the United States Air Force and he entered with an artificial light, at night, with the intention of shooting deer. WAYNE G. CRISOSTOMO had in his possession a shotgun with ammunition and the shotgun was functional.

    c. The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will determine an appropriate sentencing range. The defendant acknowledges that should there be discrepancies in the sentencing range, projected by his counsel or any other person, such discrepancy is not a basis to withdraw his guilty plea.

7. The defendant agrees to waive any right to appeal or to collaterally attack this conviction. The defendant reserves the right to appeal the sentence actually imposed in this case.

8. The defendant acknowledges that he has been advised of his rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

    a. The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

    b. His right to be represented by an attorney;

    c. His right to plead not guilty and the right to be tried by a jury and at that trial, the right

3

1 to be represented by counsel, the right to confront and cross-examine witnesses against him, and
2 the right not to be compelled to incriminate himself, that is, the right not to testify;

3     d. That if he pleads guilty, there will not be a further trial of any kind on the charges to
4 which such plea is entered so that by entering into this plea agreement, he waives, that is, gives
5 up, the right to a trial;

6     e. That, upon entry of a plea of guilty, or thereafter, the Court may ask him questions
7 about the offenses to which he has pled, under oath, and that if he answers these questions under
8 oath, on the record, his answers may later be used against him in prosecution for perjury or false
9 statement if an answer is untrue;

10     f. That he agrees that the plea agreement is voluntary and not a result of any force, threats
11 or promises apart from his plea agreement;

12     g. That he reads, writes and speaks the English language and has no need for an
13 interpreter;

14     h. That he has read the plea agreement and understands it; and

15 //
16 //
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

4

i. The Defendant is satisfied with the representation of his lawyer and feels that his lawyer has done everything possible for his defense.

DATED: 11-15-07

_____
WAYNE G. CRISOSTOMO
Defendant

DATED: 11/15/07

_____
JOSEPH C. RAZZANO
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

DATED: 11/20/07    By: _____
BENJAMIN A. BELILES
Special Assistant U.S. Attorney

DATED: 11/20/07

_____
JEFFREY J. STRAND
First Assistant U.S. Attorney

5