PROB 12B
(4/07)

# UNITED STATES DISTRICT COURT

for

District of Guam

## Report for Modifying the Conditions or Term of Supervision
## with Consent of the Offender
*(Probation Form 49, Waiver of Hearings is Attached)*

Name of Offender: **Wayne G. Crisostomo**  Case Number: **CR 07-00094-003**

Name of Sentencing Judicial Officer: Honorable Joaquin V.E. Manibusan, Jr.

Date of Original Sentence: February 19, 2008

Original Offense: Count I: Entering Military, Naval, or Coast Guard Property, 18 U.S.C. §1382;
Count V: Unlawful Use of Artificial Light While Taking Wildlife, 5 G.C.A. § 63125 and 18 U.S.C. §§ 7(3) and 13.

Original Sentence: One year term of probation with conditions: not commit another federal, state, or local crime; not unlawfully possess a controlled substance; refrain from any unlawful use of a controlled substance; submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter; not possess a firearm, ammunition, destructive device, or any other dangerous weapon; comply with the standard conditions of supervision; obtain his GED; pay a $100 special assessment fee; and pay a $500 fine.

Type of Supervision: Probation    Date Supervision Commenced: February 19, 2008

## PETITIONING THE COURT

☐ To extend the term of supervision for _____ years, for a total term of _____ years.

☒ To modify the conditions of supervision as follows:

1. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the probation officer.

2. The defendant shall participate in a program approved by the U.S. Probation Office for the treatment of narcotic addiction or drug or alcohol dependency which will include testing for the detection of substance use or abuse. It is further ordered that the defendant make co-payment for treatment at a rate to be determined by the U.S. Probation Office.

Report for Modifying the
Conditions or Term of Supervision
with Consent of Offender  page 2

CAUSE

On November 21, 2007, Your Honor modified Mr. Crisostomo's conditions of pretrial release to include that he participate in a program of inpatient or outpatient substance abuse therapy and counseling after he tested positive for use of methamphetamine on October 18, 2007 at the U.S. Probation Office. Subsequently, Mr. Crisostomo was referred for drug treatment and testing and was just over a month from completing the first of three phases of the year long program when he was sentenced on February 19, 2008. Through an oversight, continued drug treatment and testing was not recommended to the Court at the time of sentencing. However, this Officer and the drug treatment and testing vendor feel that Mr. Crisostomo should continue with drug treatment and testing services to ensure that he completes the behavior reorientation process in relation to his substance abuse history. It is therefore recommended that the following special condition be added as follows:

> *"The defendant shall participate in a program approved by the U.S. Probation Office for the treatment of narcotic addiction or drug or alcohol dependency which will include testing for the detection of substance use or abuse. It is further ordered that the defendant make co-payment for treatment at a rate to be determined by the U.S. Probation Office."*

In addition, on September 2, 2005, the Ninth Circuit, in United States v. Stephens, No. 04-50170, addressed 18 U.S.C. § 3583(d) supervised release and 18 U.S.C. §3563(a)(5) probation mandatory testing conditions which requires that the district court determine the maximum number of mandatory drug tests. The Ninth Circuit held that because the statute requires the district court to determine the maximum number of drug tests under the mandatory condition, transferring this duty to the probation officer was an improper delegation of Article III judicial power. To assist the Court in determining the appropriate number of drug tests, the undersigned officer has evaluated Mr. Crisostomo's history of drug use, and the drug detection period of his drug of choice. As methamphetamine is Mr. Crisostomo's current drug of choice and has a normal detection period of four days or less, it is recommended that the maximum number of tests the court order per month be set at eight. This will allow for adequate time intervals between tests which will help facilitate the detection of use. It also provides for enough additional tests so that the pattern of testing will not be predictable to Mr. Crisostomo. To address the implications of United States v. Stephens, Ninth Circuit No. 04-50170, it is respectfully requested that the Court modify the defendant's mandatory condition to set the maximum number of tests Mr. Crisostomo must submit. It is therefore recommended that the mandatory condition be modified as follows:

> *"The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the probation officer."*

Mr. Crisostomo has tested negative for drug and alcohol use since his the commencement of probation. In addition, he remains gainfully employed. Mr. Crisostomo paid his $20 special assessment fee on February 20, 2008 and has executed a payment agreement, agreeing to pay $100 per month towards his $500 fine obligation. Furthermore, Mr. Crisostomo maintains that he will pursue his GED as required.

Based on the information above, this Officer respectfully requests that the Court modify the conditions of probation, pursuant to 18 U.S.C. § 3565(a)(1) as outlined above. Attached is Probation Form 49, Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision, with Mr. Crisostomo's consent to the modification.

Reviewed by:  Respectfully submitted,

/s/ CARMEN D. O'MALLAN  by: /s/ JOHN W. SAN NICOLAS II
U.S. Probation Officer Specialist  U.S. Probation Officer
Supervision Unit Leader

Date: March 14, 2008  Date: March 14, 2008

THE COURT ORDERS

☐ No Action

☐ The Extension of Supervision as Noted Above.

☒ The Modification of Conditions as Noted Above.

/s/ Joaquin V.E. Manibusan, Jr.
**U.S. Magistrate Judge**
**Dated: Mar 25, 2008**