PROB 12B
(4/07)

# UNITED STATES DISTRICT COURT

for

District of Guam

**Report for Modifying the Conditions or Term of Supervision
with Consent of the Offender**
*(Probation Form 49, Waiver of Hearings is Attached)*

Name of Offender: **Wayne G. Crisostomo**        Case Number: **CR 07-00094-003**

Name of Sentencing Judicial Officer:    Honorable Joaquin V.E. Manibusan, Jr.

Date of Original Sentence:    February 19, 2008

Original Offense:    Count I: Entering Military, Naval, or Coast Guard Property, 18 U.S.C. §1382;
Count V: Unlawful Use of Artificial Light While Taking Wildlife, 5 G.C.A. § 63125 and 18 U.S.C. §§ 7(3) and 13.

Original Sentence:    One year term of probation with conditions: not commit another federal, state, or local crime; not unlawfully possess a controlled substance; refrain from any unlawful use of a controlled substance; submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter; not possess a firearm, ammunition, destructive device, or any other dangerous weapon; comply with the standard conditions of supervision; obtain his GED; pay a $100 special assessment fee; and pay a $500 fine. **Modified on March 25, 2008**, to include that he participate in a substance abuse program and that he submit to up to eight drug tests per month.

Type of Supervision:    Probation        Date Supervision Commenced:    February 19, 2008

## PETITIONING THE COURT

☐  To extend the term of supervision for _____ years, for a total term of _____ years.

☒  To modify the conditions of supervision as follows:

1.  The defendant shall submit to a **mental health** intake assessment and any recommended treatment. It is further recommended that the defendant make co-payment for treatment at a rate to be determined by the U.S. Probation Office.

Report for Modifying the
Conditions or Term of Supervision
with Consent of Offender   page 2

CAUSE

On August 17, 2008, Wayne Garcia Crisostomo was arrested by Guam Police Department Officer J.C. Terlaje for the offenses of Assault and Family Violence. A review of Guam Police Department Police Report number 08-20910, revealed that on August 17, 2008, at about 8:50 a.m., Guam Police Department Officer J.C. Terlaje responded to a report of a disturbance at a residence located in Pagat, Mangilao. At approximately 9:15 a.m., he arrived at the residence and met with Officer P.Q. Mendiola, who advised that a female individual, identified as Joella Toves, had gotten into an argument with her common-law boyfriend, later identified as Wayne Garcia Crisostomo, in the garage area of their residence. Officer Mendiola interviewed Ms. Toves, who stated that she and Crisostomo were arguing about several personal issues regarding finances within the family, incomplete household chores with the children, attending a baptism, and Crisostomo's work schedule. Crisostomo had intended on using her vehicle to attend the baptism. However, she explained that it was low on fuel and advised him that he would not be able to use the vehicle. Crisostomo became upset and began to yell at her regarding the low fuel level in the vehicle and then began to yell at their two older sons regarding chickens at the residence that were not being tended to. Crisostomo was yelling profanities towards the children and was being abrupt and disrespectful. Ms. Toves told him that he should be ashamed of himself for his actions. Crisostomo picked up a shoe and threw it towards her, striking her in the back of her head region. She advised that the shoe would have hit her face if she did not turn away. The argument ensued in front of the children. Crisostomo told his daughter (age 7) to move away from her mother so that he could throw something at Ms. Toves. Crisostomo threw a can of sardines and then a can of soup towards her direction, which missed because she lowered her head to prevent being struck. Because she feared that she or her children would be harmed by Crisostomo, Ms. Toves retreated to her cousin's residence and contacted the police. The shoe and the cans were retrieved by officers in the garage area of the residence for documentation as evidence.

Crisostomo was transported to the Hagatna Precinct for interview. At approximately 9:46 a.m., he was advised of his Miranda Rights by Officer J.C. Terlaje via the Guam Police Department Custodial Interrogation Rights form, which he acknowledged and executed. On interview, Crisostomo stated that he was lecturing his sons about failing to tend to the chickens when Joella started yelling, telling him to leave the children alone. He became upset because she was interfering with his discipline of the children and threw a shoe in her direction to get her to be quiet. Crisostomo stated that the shoe did not hit her. He also admitted to throwing the sardine and soup cans in her direction, but stated that he threw them high enough so that they would not hit her.

Crisosostomo was arrested for the above-mentioned offenses and was processed at the Hagatna Precinct Command, where he was booked and confined. On August 18, 2008, Crisostomo appeared at the Superior Court of Guam for a Magistrate's Hearing in Criminal Case No. CM 628-08, where he was charged with Family Violence and Assault as misdemeanors. He pleaded not guilty to the charges and was released on the same date on a $1,000 unsecured bond with various conditions of pretrial release to include that he have no contact and stay away from Ms. Joella Toves. A criminal trial setting is set for September 15, 2008.

Mr. Crisostomo has tested negative for drug and alcohol use since the commencement of probation. On August 29, 2008, he will be progressed to the final four-month phase in the drug treatment and testing program. In addition, he remains gainfully employed. Mr. Crisostomo paid his $20 special assessment fee on February 20, 2008 and has paid a total of $200 towards his fine obligation. His balance remains at $300. Furthermore, Mr. Crisostomo maintains that he will continue to pursue his GED as required.

Based on the information above, this Officer respectfully requests that the Court modify the conditions of probation, pursuant to 18 U.S.C. § 3565(a)(1) as outlined above. Attached is Probation Form 49, Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision, with Mr. Crisostomo's consent to the modification.

| Reviewed by: | | Respectfully submitted, |
|---|---|---|
| /s/ CARMEN D. O'MALLAN<br>U.S. Probation Officer Specialist<br>Supervision Unit Leader | by: | /s/ JOHN W. SAN NICOLAS II<br>U.S. Probation Officer |
| Date: September 3, 2008 | | Date: September 3, 2008 |

THE COURT ORDERS

☐ No Action

☐ The Extension of Supervision as Noted Above.

☒ The Modification of Conditions as Noted Above.

☐ Other

/s/ Joaquin V.E. Manibusan, Jr.
**U.S. Magistrate Judge**
**Dated: Sep 04, 2008**